Ex parte Cruz TIJERINA, Jr.

No. 59081.

Court of Criminal Appeals of Texas, Panel 2.

Oct. 11, 1978.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from an order entered after a habeas corpus hearing in the 137th District Court of Lubbock County denying the relief requested. Appellant was being detained pending the State's motion to revoke his probation.

Appellant received a ten-year probated sentence on August 15, 1977, upon a conviction for rape. The State's motion to revoke alleged that he committed another rape at a date within the probationary period.[1] A motion for a hearing within 20 days was filed by appellant on May 16, 1978. Both the writ of habeas corpus and the State's motion to revoke were heard on June 7, 1978, two days beyond the 20 day period. The trial court denied habeas relief and entered an order finding that appellant had violated the terms of his probation.

Appellant contends the State's motion to revoke should have been dismissed because of the court's failure to hold a hearing within 20 days as required by Art. 42.12, Sec. 8(a), V.A.C.C.P.

The circumstances surrounding the holding of the hearing 22 days after appellant's motion were detailed for the record by the court at the hearing. The court had a conference with the State's attorney and defense counsel eight days after the appellant's motion for a hearing was filed. It was at this meeting that the judge set the date for the revocation hearing. At this time, it was noted that the prosecutrix was a partially blind deaf mute and that other witnesses had one or more handicaps. Further, interpreters were necessary for the appellant, who is both deaf and mute.

The court and counsel were aware that the date chosen for the hearing was two days beyond the twenty day period specified by statute. The court, declining to set an earlier date, stated:

". . . the Court feels . . . [it would not be required] to do a fictitious or nonsensical thing by setting a hearing within the twenty day period knowing full well that the hearing could not be completed and all the necessary interpreters be available and then, for good cause shown by such, state that the case would be continued two days later in order that all of the interpreters and parties may be available to have the hearing."

The court found that six interpreters were required for the hearing. This was in order that the appellant, who is deaf and mute, could assist his counsel and be aware of the proceedings. Further, these interpreters were necessary so that the prosecutrix, who is partially blind, deaf and mute, and other witnesses who were deaf or deaf and mute, could testify in this cause. Three of the interpreters were summoned from Austin, two from Fort Worth, and one from Lubbock. In addition, three witnesses who testified at the hearing were also from Austin.

---

1. The petition for writ of habeas corpus alleged that appellant had been in custody since "on or about May 17, 1978."

The evidence at the hearing reflected that, as a condition of his probation, the appellant was to enroll at an accredited institution for the deaf. He did enter such an institution in Austin. It was alleged that while at this institution the appellant raped the prosecutrix, who also lived there. The judge found the allegation to be supported by the evidence and revoked the probation.

The appellant's contention that the revocation petition should have been dismissed is founded on Art. 42.12, Sec. 8(a), supra, which provides:

". . . If the defendant has not been released on bail, on motion of the defendant the court shall cause the defendant to be brought before it for a hearing within 20 days of filing said motion, and after a hearing without a jury, may either continue, modify, or revoke the probation. The court may continue the hearing for good cause shown by either the defendant or the state."

In *Ex parte Trillo,* 540 S.W.2d 728 (Tex. Cr.App.), this Court considered the consequence of a trial court's failure to comply with the 20 day provision in Art. 42.12, Sec. 8(a), supra. This requirement was held to be mandatory, and the remedy to be dismissal of the revocation motion. In *Trillo,* this Court was faced with an unexplained failure to hold a hearing within twenty days.

The court in the instant case was required to appoint interpreters for the appellant under Art. 38.31(a), (c), V.A.C.C.P. This statute provides that:

"(a) In all criminal prosecutions, where the accused is deaf or a deaf-mute, he shall have the proceedings of the trial interpreted to him in a language that he can understand by a qualified interpreter appointed by the court.

\*    \*    \*    \*    \*    \*

"(c) In any case where an interpreter is required to be appointed by the court under this Article, the court shall not commence proceedings until the appointed interpreter is in court in a position not exceeding ten feet from and in full view of the deaf person."

The foregoing statute guarantees the deaf or deaf and mute the right to confrontation by witnesses as guaranteed by the Sixth Amendment of the United States Constitution and Art. 1, Sec. 10, of the Texas Constitution. To proceed with a hearing when the accused is a deaf mute without interpreters is to deny the accused the right to a fair opportunity to defend against the State's accusations mandated by the U. S. Supreme Court in *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297. See *Ferrell v. Estelle,* 568 F.2d 1128 (5th Cir., 1978). Clearly, a deaf mute is denied the right to assist in his own defense unless afforded the benefit of interpreters to keep him informed of what is transpiring in the course of the proceeding. Not only was it necessary to have interpreters for appellant in the instant case, it must be borne in mind that there were witnesses who were mute and for their testimony to be known to the court, counsel, and the court reporter, it was necessary that there be interpreters for their benefit.

In *Hernandez v. State,* 556 S.W.2d 337 (Tex.Cr.App.), this Court noted that once the probation revocation hearing begins, Art. 42.12, Sec. 8(a), supra, provides that the same may be continued for good cause shown. For all practical purposes, the trial court proceeded as far as was humanly possible with the hearing when he met with counsel eight days after appellant's motion was filed. At that time, the court noted that to proceed further with the hearing within the twenty day period would be "a fictitious or nonsensical thing" when such hearing would be held without the benefit of "necessary interpreters." The ability of the court to arrange for the six interpreters for the handicapped appellant and witnesses within twenty-two days after the motion represents a highly diligent and commendable effort on the part of the court. Where,

as in the instant case, the record supports the fact that the trial court proceeded as far as was possible to grant the probationer a hearing within the twenty day period, and where it is shown that a hearing held within such a period would be a sham and would constitute a deprivation of constitutional rights to probationer, we find that dismissal of the revocation motion is not required under our holding in *Trillo*.

The relief requested is denied.