512 A.2d 22

**COMMONWEALTH of Pennsylvania,**

v.

**Ronald RILEY, Appellant.**

Superior Court of Pennsylvania.

Argued May 20, 1986.

Filed July 2, 1986.

Patricia A. Wenger, Harrisburg, for appellant.

Yvonne A. Okonieski, Assistant District Attorney, Harrisburg, for Com., appellee.

Before: CIRILLO, President Judge, and TAMILIA and HESTER, JJ.

TAMILIA, Judge:

Appellant appeals from the judgment of sentence of six to twelve years imprisonment for rape with a consecutive term of three to six years imprisonment for burglary imposed on November 21, 1985 following his jury convictions on June 26, 1985.

Appellant presents only one issue for our review, that is, whether the court erred in permitting an acquaintance of the victim to act as her interpreter during the trial. He does not allege the testimony was inaccurate nor has he pointed to any specific resultant prejudice.

A careful review of the briefs, record and trial court Opinion reveals overwhelming evidence against the appellant. Shortly after police received reports from two per-

sons that a tall black man was entering, via a fire escape, a third-floor window of an apartment building, police arrived at the victim's apartment and found appellant, literally, with his pants down and on top of the victim, Ms. Choe. Ms. Choe is an elderly Korean woman, unable to speak English, thus the necessity of an interpreter.

Appellant alleges judicial error in permitting Ms. Barbara Pak to act as a Korean interpreter for Ms. Choe because it was the first time she had interpreted in court and because she was an acquaintance of the victim. We disagree and agree with the trial court that Ms. Pak was well-qualified to perform her assigned duties. As indicated in the court's Opinion;

> ... She was born in Korea and came to the United States as a student and has lived in the United States for about twenty years. Ms. Pak attended Methodist College in Nashville, Tennessee and West Virginia University. She has a master's degree in social work. She is currently registered as an interpreter with the federal courts. Ms. Pak and the victim, Ms. Choe, attend the same church but Ms. Pak stated that she has never met socially with Ms. Choe outside the church. Ms. Pak indicated that she understood that by taking the oath administered by the court, she was swearing to interpret exactly what Ms. Choe said. (N.T. 6)

(Slip Op. p. 2)

"... [T]he decision to use an interpreter in a trial setting rests in the sound discretion of the judge presiding over the case." *Commonwealth v. Carillo*, 319 Pa.Super. 115, 465 A.2d 1256, 1262 (1983) citing *Commonwealth v. Pana*, 469 Pa. 43, 364 A.2d 895 (1976). Our Court, in *Carillo* (the case specifically dealing with defendant who did not speak, read or write English), carefully considered the issue of interpreters on a broad scale referring to an A.L.R. annotation as well as a statement made by the Tenth Circuit Court of Appeals. Quoting from *Carillo:*

As is collected at Annotation: Disqualification, for Bias, of One Offered as Interpreter of Testimony, 6 A.L.R.4th 158, the author therein remarks:

Numerous cases have contained language in one way or another lending support to the generality that it is at least better practice to appoint a disinterested person as interpreter. . . . However, a substantial number of cases have recognized that it is at least not necessarily reversible error to appoint a relative or friend of a witness or party to interpret especially where no other competent interpreter is available.

\*  \*  \*  \*  \*  \*

Cases throughout the annotation, frequently applying the broadly recognized principle that the appointment of an interpreter rests in the wise discretion of the trial court whose judgment may not be overturned unless abused, or finding an absence of prejudice in the circumstances, have held that *no reversible error was committed by trial courts who appointed as interpreters of non-English speaking witnesses (1) a friend or relative of a witness or victim in a criminal case, . . .; (2) . . .; and (3) a law enforcement officer or other governmental official to interpret for a prosecution witness in a criminal case, . . . .*

Id. at § 2[a]. Accord Wharton's Criminal Evidence § 404 (13th Ed.1972).

We find that on the subject of impartial and unbiased interpreters the position consistently adhered to by most courts, although stated in different terms, is reflected in the statement made by the Tenth Circuit Court of Appeals:

While in the nature of things, a disinterested interpreter is essential to an impartial interpretation of a witness' testimony, at the same time the trial court is necessarily accorded a wide discretion in determining the fitness of the person called, and the exercise of that discretion will not be disturbed on review in the ab-

sence of some evidence from which prejudice can be inferred. (Citations omitted)

Additionally, as is germane to the case at bar, it has been stated unequivocally that "rulings on the appointment and qualifications of interpreters do not reach constitutional proportions. See *Fairbanks v. Cowan,* 6 Cir., 551 F.2d 97, 99. Whatever problems there may be with the testimony of [an interpreter] go to the sufficiency of the evidence." ... *Soap v. Carter,* 632 F.2d 872, 874–75 (10th Cir.1980), cert. denied, 451 U.S. 939, 101 S.Ct. 2021, 68 L.Ed.2d 327 (1981).

*Carillo,* 319 Pa.Superior Ct. at 129–31, 465 A.2d at 1263–64. (Emphasis added)

Our independent review of this case has revealed no specific prejudice which might have inured to the appellant through the use of Ms. Pak as an interpreter for the victim. Even though it may be preferable to use an interpreter unaquainted with the witness, case law has not shown it to be a requirement. In this case, regardless, Ms. Pak was no more than an acquaintance of Ms. Choe, the two sharing only the same church affiliation.

Appellant makes much of the hostility expressed by the interpreter to questions by defense counsel prior to jury selection. Specifically, the questions related to how long Ms. Choe lived in Korea and intentionally touched on her age. Her retort was "Why is that important?" and "... I'm only here as an interpreter and I'm not here to be tried." (N.T. 6/24/85 p. 7) From these responses one may infer that the interpreter was sensitive about her age but it cannot be taken to mean that she was biased against the defendant and would not report truthfully what was said to her by the victim.

The discretion of the trial judge in passing on the competence and qualifications of the interpreter cannot be set aside on such tenuous allegations. We, therefore, find no error in the selection of the interpreter. Further, there was sufficient evidence presented by the police officers who caught appellant "in the act" and through medical records

to establish that penetration had, in fact, occurred. (N.T. 6/24/85 pp. 56, 71, 82, 127–133).

Taken together with the testimony of the victim, through her interpreter, we find there was sufficient evidence to find appellant guilty of rape in addition to burglary.

Judgment of sentence affirmed.