**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**James Alvin SHEARER, Sr., Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 7, 2002.

Filed March 1, 2006.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellant.

Armand R. Cingolani, Butler, for appellee.

BEFORE: DEL SOLE, P.J., McEWEN, P.J.E., HUDOCK, JOYCE, STEVENS, TODD, KLEIN, BENDER and GRACI *, JJ.

OPINION BY HUDOCK, J.:

¶ 1 This is an appeal taken by the Commonwealth from a pre-trial order compelling a child witness to submit to psychological testing prior to the trial court's determination of whether the child is competent to testify in court. We reverse.

¶ 2 In November of 1999, James Alvin Shearer, Sr. (Appellee) was charged with sexually assaulting a four-year-old boy. Specifically, the Commonwealth charged Appellee with rape, involuntary deviate sexual intercourse, indecent assault, indecent exposure and corruption of minors.[1] On August 11, 2000, the Commonwealth filed a notice as required by the Tender Years Hearsay Act[2] that the prosecutor intended to offer into evidence at trial a taped interview with the child that was conducted by Butler County Children and Youth Services. Appellee moved to have the boy examined by a psychologist prior to any competency determination by the trial court on the grounds that the child's competency to testify is a crucial issue. The Commonwealth unsuccessfully opposed the defense motion.

¶ 3 On April 5, 2001, the trial court entered an order directing the child to submit to an examination by an expert hired by Appellee. A second order, entered on April 26, 2001, confined the psychological examination to ascertaining the

boy's ability to give a correct account of events he has seen or heard. On May 2, 2001, the Commonwealth filed a notice of appeal, accompanied by a certification pursuant to Rule of Appellate Procedure 311(d), that the pre-trial order will terminate or substantially handicap the prosecution of the charges against Appellee. The trial court directed the Commonwealth to file a concise statement of issues raised on appeal, and the Commonwealth complied.

¶ 4 Initially, a three judge panel of this Court quashed the Commonwealth's appeal as interlocutory. An en banc panel of this Court subsequently reached the same conclusion. *Commonwealth v. Shearer,* 828 A.2d 383 (Pa.Super.2003) (*en banc*). However, the Pennsylvania Supreme Court determined that the order is appealable pursuant to the collateral order doctrine. *Commonwealth v. Shearer,* 882 A.2d 462 (Pa.2005). Thereafter, the case was remanded to us so that we may address the Commonwealth's substantive claims.

¶ 5 The Commonwealth contends that the trial court erred in ordering the child victim to undergo a compulsory mental examination by a private psychologist retained by the boy's alleged abuser. The crux of the Commonwealth's argument is that it was error for the trial court to direct the child to submit to an involuntary psychological evaluation in the absence of any indication of mental illness and prior to a traditional judicial hearing conducted to determine the child's competency to testify. This issue has been addressed fully by this Court in *Commonwealth v. Alston,* 864 A.2d 539 (Pa.Super.2004), an *en banc*

* Judge Graci did not participate in the determination of this case on remand, having left the Court in December of 2003.

1. 18 Pa.C.S.A. §§ 3121, 3123, 3126, 3127 and 6301, respectively.

2. 42 Pa.C.S.A. § 5985.1.

opinion filed subsequent to our previous decision in *Shearer*.

¶ 6 As we stated in *Alston*, it is beyond doubt that a court-ordered psychiatric examination intrudes into an important aspect of human privacy concerns. *Id.* at 549. While trial courts must regularly make competency rulings, "a court-ordered psychological examination should never be the starting point for such a determination." *Id.* Such an examination should not be ordered unless the record demonstrates the existence of a "compelling reason" for the examination. *Id.* The fact that a witness is an alleged child victim of sexual abuse does not, in and of itself, negate the requirement of demonstrating the necessity for a court-ordered psychological examination. *Id.* We agree with the Commonwealth that there is no evidence of record indicating that the child witness in this case suffers from any mental condition that would require a psychiatric examination before a competency hearing can be conducted. Therefore, under *Alston*, we must reverse the trial court's order compelling such an examination.

¶ 7 Order reversed; case remanded for trial. Jurisdiction relinquished.