UNITED STATES of America

v.

Jason MARTIN (t/n Jason Martin–Morganfield), Defendant.

No. 93 Civ. 21 (VLB).

United States District Court,
S.D. New York.

July 20, 1993.

Cynthia Dunn, Asst. U.S. Atty., for the U.S.

Warren Greher, Poughkeepsie, NY, for defendant.

MEMORANDUM

VINCENT L. BRODERICK, District Judge.

■ This defendant was convicted on April 12, 1993, on a plea of guilty to a one count information, of a telephone communication to facilitate an illegal drug transaction in violation of 21 U.S.C. § 843(b). On July 15, 1993, I sentenced him to thirty (30) months imprisonment with voluntary shock incarceration pursuant to 18 U.S.C. § 4046. I departed downward from the Sentencing Guidelines which would have dictated a sentence of 48 months. This memorandum further explains my reasons for doing so.

The defendant committed the offense at age 18, has an excellent work record, strong family ties and support, and has accepted full responsibility for his criminal behavior. His father appeared at sentencing to give him further support; he has been admitted to a community college.

This defendant appears to be qualified for voluntary shock incarceration ("boot camp") treatment as authorized by 18 U.S.C. § 4046. Based on the probation report, I conclude that such treatment may provide an opportunity for this defendant to make a clean break with his former life style. He may earn justified pride in his willingness to undertake the difficulties imposed and to fulfill the requirements of the program, thereby also justifying earlier release than otherwise available.[1]

---

1. Such methods have been successfully utilized in other contexts such as "wilderness bound" programs, and also in custodial contexts such as

While 18 U.S.C. § 4046 authorizes such approaches to the purposes of sentencing outlined in 18 U.S.C. § 3553, the Sentencing Guidelines leave open how it is to be integrated into the sentencing process; consequently, I am directed by 18 U.S.C. § 3553(b) to depart upward or downward as may be necessary to implement 18 U.S.C. § 4046 where it provides the best hope for protecting the public, deterring misconduct, and providing rehabilitation of the defendant.

A two-way interaction between sentence length and "boot camp" treatment is appropriate. Where a sentence would fall within the range of 12 to 30 months, 18 U.S.C. § 4046 indicates that shock incarceration should be considered; conversely, if 18 U.S.C. § 4046 offers the best means of achieving the purposes of sentencing should the defendant avail himself of it, the length of sentence should be calibrated accordingly.

SO ORDERED.

in prison and medically oriented treatment pro-      grams.  See W. Glasser, *Reality Therapy* (1965).