**UNITED STATES of America**

**v.**

**Simcha NEIMAN, Defendant.**

**No. 91 Cr 637 (VLB).**

United States District Court, S.D. New York.

Aug. 13, 1993.

Robert S. Khuzami, Asst. U.S. Atty., New York City, for the U.S.

Ronald M. Kleinberg, New York City, for defendant.

Peter B. Hume, Supervising U.S. Probation Officer, New York City, for the Probation Dept.

### MEMORANDUM

VINCENT L. BRODERICK, District Judge.

#### I

This case presents the question of whether non-narcotic rehabilitation prospects may be the basis for a downward departure from the United States Sentencing Guidelines in an appropriate case where chances of rehabilitation without imprisonment are good but with imprisonment are minimal or nonexistent. I answer the question in the affirmative.

#### II

Congress has directed that in addition to deterrence and prevention of further crime,

an objective of sentencing be providing "the defendant with ... correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D).

■ Where a regime combining effective punishment for purposes of deterrence and supervision for purposes of prevention can further be combined with rehabilitation efforts involving that supervision, the objectives of the statute may be fulfilled; if incarceration would be ineffective for these purposes and counterproductive from the viewpoint of rehabilitation, a departure from the Guidelines is appropriate. This is confirmed in *United States v. Maier*, 975 F.2d 944 (2d Cir.1992), which involved drug rehabilitation but speaks in terms which would be equally applicable to other kinds of rehabilitation, provided the other purposes of § 3553 are optimally fulfilled.

The *Maier* opinion recognized that "Congress must have anticipated that sentencing judges would use their authority, in appropriate cases, to place a defendant on probation in order to enable him to obtain 'needed ... medical care, or other correctional treatment in the most effective manner.' " 975 F.2d at 947. Nothing in the statute or *Maier* suggests a restriction of rehabilitation to any one type of regimen, or that any single type of problem lends itself to rehabilitative measures. Members of a defendant's family, community and religious institutions, and appropriately tailored community service may help to guide a wrongdoer toward useful citizenship.

Home confinement may be rehabilitational as well as punitive if the person involved must modify a lifestyle and become aware of the consequences of committing illegal acts, while at the same time avoiding the sometimes negative atmosphere in places of imprisonment. Electronic monitoring can help to insure compliance but has financial costs as well as weakening the moral force exerted by requiring self-discipline on the part of a defendant without such a mechanical external check. When a person must take affirmative steps toward rehabilitation, this has a more powerful impact than externally imposed restrictions. See W. Glasser, *Reality Therapy* (1965). And if others in close contact with a

defendant monitor compliance, an even greater impact may at times be felt than is likely to arise from imprisonment or electronic monitoring.

## III

■ Against this background the present memorandum explains my downward departure from the United States Sentencing Guidelines in sentencing the defendant Simcha Neiman ("Neiman") upon his plea of guilty to an information charging him with mail fraud in violation of 18 U.S.C. § 1341 and use of a false Social Security number in violation of 42 U.S.C. § 408(d)(2). Neiman's criminal activity arose from a scheme to cause health insurers to provide unauthorized coverage through false statements and use of false documents.

Neiman is working full time for a pasta company, earning $350 weekly. He has a wife and six children and has shown increased attention to their needs. He has embarked on Talmudic studies under Rabbinical supervision and is undergoing psychiatric treatment. The Probation Officer conducting the presentence investigation has concluded that Neiman shows genuine remorse for his criminal activity, appears to be turning his life around, and would face a setback in his rehabilitation if imprisoned.

On August 4, 1993 I adopted the recommendations of the Probation Officer and sentenced Neiman to probation for five years, with conditions including confinement to his home for ten months beginning 30 days from the date of sentence, continuation of psychiatric counselling, community service and restitution. Neiman's wife, who appeared at the sentencing conference and stated persuasively that Neiman is showing progress in reorienting his life. She and Neiman's Rabbi have each agreed to assist the Probation Department in assuring that Neiman fulfills all of the conditions of probation.

I regard family and community involvement as of great importance in this case and have every confidence that Neiman's wife and his Rabbi will pay close attention to Neiman's progress and notify him at once of

the need to fulfill his obligations should any possibility of backsliding arise.

The Guidelines would, without departure, have called for imprisonment for 10 to 16 months, which would interfere with rather than enhance Neiman's prospect for rehabilitation. Moreover, the home detention with explicit family and community reinforcement will exert greater general deterrence than Neiman's isolation from the rest of society.

I have every hope and expectation that at the end of Neiman's five years of probation he will be a useful member of society.

SO ORDERED.