**UNITED STATES of America**

v.

**William STEVENSON, Defendant.**

**No. 92 Cr 485 (VLB).**

United States District Court, S.D. New York.

Aug. 27, 1993.

Barbara Guss, Asst. U.S. Atty., White Plains, NY, for U.S.

Richard D. Willstatter, Green & Willstatter, White Plains, NY, for defendant.

## MEMORANDUM

VINCENT L. BRODERICK, District Judge.

### I

William Stevenson was convicted on a plea of guilty for stealing an automobile, involving violations of 18 U.S.C. §§ 2312, 2313 and 511(a). Stevenson had been convicted of unlawful possession of marijuana in 1979 and 1983, leading to fines of $10 and $100 respectively. I declined to consider these two incidents in determining Stevenson's criminal history for purposes of sentencing.

On June 23, 1993 I sentenced Stevenson to three years' probation including six months' home confinement with electronic monitoring. This memorandum sets forth my reasons for classifying the defendant William Stevenson in criminal history category I rather than II for purposes of sentencing.

### II

Under 18 U.S.C. § 3553(b), I am empowered to depart from an otherwise applicable guideline where "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described" as determined from the "sentencing guidelines, policy statements, and official commentary . . ."

The purposes of considering criminal history in sentencing are to determine whether, based upon past indications, a defendant requires a more severe sentence "to protect the public from further crimes," 18 U.S.C. § 3553(a)(2)(C); to determine the extent of general or specific deterrence (§ 3553[a][2][B] ); and to determine the most effective means of providing correctional treatment. 18 U.S.C. § 3553(a)(2)(D). The United States Sentencing Guidelines do not, however, provide any criteria for evaluating the relevance of prior convictions to the case in which sentence is to be imposed. This is doubtless so because a complete description of relevant factors would be amorphous and either incomplete or endless.

■ Where prior crimes involve behavior posing significant risks to the public, moral turpitude, organized criminal activity, fraudulent intent, or behavior related to the activity for which the defendant is being sentenced, consideration of such crimes in determining the defendant's sentence is ordinarily appropriate.

■ It is also ordinarily appropriate to consider, in sentencing, a past history of illegal involvement with controlled substances. Such involvement causes harm to society by promoting drug addiction, and it leads to secondary illegal behavior such as bribery, violence against rival distributors, and degradation of neighborhoods. See *Stewart v. United States,* 817 F.Supp. 12 (S.D.N.Y.1993).

■ When the role of a defendant is that of an individual drug consumer, however, these adverse impacts on society, although significant in the aggregate, are relatively insignificant with regard to the individual case. In such instances consequences out of line with reality are likely to be counterproductive. See *United States v. Caruso,* 814 F.Supp. 382 (S.D.N.Y.1993).

Neither the purposes of sentencing as set forth in 18 U.S.C. 3553(a) nor anything in the Guidelines indicate that two minor unrelated violations involving personal consumption of one of the less "hard" controlled substances a number of years prior to the offense before the court should require an enhancement of sentence.

A situation is thus presented in which a downward departure would be appropriate with respect to criminal history by eliminating from the computation Stevenson's personal-use controlled substance convictions which entailed the $10 and $100 fines.

### III

■ I reach the same conclusion by taking the background of approaches to the earlier

violations by the community into account. The Sentencing Guidelines say little about the significance of community or local circumstances. This might suggest that such considerations were to be regarded as irrelevant. One could equally come to the conclusion from such absence of detailed comment that the implications of such local conditions should be assessed by the sentencing court as the one closest to the situation.

S.Rep. 98–225 at 170, 1984 U.S.Code Cong. & Admin. News 3353, concerning the statute authorizing the Guidelines states that "community norms concerning particular criminal behavior might be justification for increasing or decreasing the recommended penalties for the offense." A footnote indicates that "community might be national or it might be local."

Although this document is not binding, I cannot presume that the legislators expected courts not to pay attention to the matter mentioned in the report. Instead, I infer that the legislation contemplated that sentencing judges would make the evaluation.

Within the territorial jurisdiction of this court the use of marijuana in small quantities for personal use, while criminal, is not regarded as a crime justifying serious consequences at a time several years later. Imposing such consequences would not deter further crimes by others in the community considering similar crimes or other violations of the law. Instead, to impose such consequences would tend to erode confidence in the evenhandedness of the criminal justice system—a confidence which is important to the credibility of that system. Accordingly, I would depart downward in determining the appropriate criminal history of the defendant for this reason as well.