UNITED STATES of America

v.

**Fidel VARGAS, Defendant.**

**No. 92 Cr. 245 (VLB).**

United States District Court,
S.D. New York.

Dec. 14, 1994.

Cheryl J. Sturm, West Chester, PA, for petitioner.

Seth C. Farber, Asst. U.S. Atty., New York City, for U.S.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Fidel Vargas, through counsel, has moved under 28 USC 2255 to vacate his conviction and sentence for conspiracy to distribute approximately two (2) kilograms of cocaine and to do so within 1,000 feet of a public school, in violation of 21 USC 812, 841 and 856. Vargas appealed his conviction, which was affirmed by summary order. *United States v. Vargas*, (2d Cir.1993), 996 F.2d 302.

I deny the application.

### II

Vargas argues that there was insufficient evidence of guilt and that the issue of entrapment was not fully explored. These questions were presented to the Court of Appeals, which held that "the government presented ample evidence from which a rational jury could conclude that Vargas was not entrapped and was instead predisposed to commit the crimes with which the defendant was charged." Id. at 2. No valid reason for questioning the Court of Appeals' conclusion has been provided.

### III

■ Vargas claims that his counsel was ineffective because of failure to conduct a pretrial investigation; such an investigation necessarily depends upon leads provided by the client. There is no evidence that avenues suggested by the client which might have altered the *outcome were* ignored. Vargas complains that two informants were not interviewed, but has provided no indication that they were willing to talk with the defense other than from the witness stand, nor indications that their cross-examination was limited or ineffective.

Vargas asserts that character witnesses might have tipped the scales in his favor, but fails to identify what persuasive character witnesses would have been involved, or to show that counsel was unwise in not opening up such witnesses to cross-examination.

■ Vargas argues that his counsel failed to move to dismiss the indictment or to seek a bill of particulars and states that "[w]ithout a bill of particulars, it is not possible to determine whether or not the indictment states a criminal offense" involving a non-government conspirator. Vargas' argument concedes that the indictment on its face is adequate.

A bill of particulars is a device to avoid unfair surprise requiring a continuance. Vargas has not established unfair surprise.

### IV

■ Without asserting that defense counsel failed to argue that government agents raised the level of the offense by offering a large transaction within 1,000 feet of a school, Vargas states in the context of alleged inadequate assistance of counsel that "if the district court had been aware of its power to depart downward based on sentencing entrapment, there is a reasonable likelihood that it might have done so." Vargas assumes that such leeway is novel because announced in *United States v. Giles*, 768 F.Supp. 101, *aff'd* 953 F.2d 636 (2d Cir.), *cert. denied* —— U.S. ——, 112 S.Ct. 1509, 117 L.Ed.2d 647 (1992), but ignores the fact that the district court in *Giles* had itself reached that conclusion, and that its decision was upheld. It has long been recognized that under 18 USC 3553(b), a sentencing court can depart based upon any reason to believe

circumstances unforeseen by the Sentencing Commission are involved.[1]

I was fully aware of my authority to depart from the Sentencing Guidelines if activity of informants or undercover agents led to an artificially enhanced amount of contraband being possessed or sold or brought within 1,000 feet of a public school. As found by the Court of Appeals, I concluded that adequate evidence supported the conclusion that Vargas was predisposed to commit the crime for which he was sentenced. Furthermore, even if an entrapment reduction in sentence were otherwise arguable, "it would undoubtedly be vulnerable to a showing that the defendant [was] predisposed to engage in the ... transactions." *United States v. Rosa*, 17 F.3d 1531, 1551 (2d Cir.1994). Because of the strength of the evidence of predisposition, I would not have reduced Vargas' sentence on account of involvement of persons connected with law enforcement in determining the amount and location of the events leading to Vargas' conviction.

■ Still in the guise of claiming ineffective assistance of counsel, Vargas asserts that the Sentencing Commission could not properly have raised a Base Offense Level in USSG 2D1.2(a), since the 1994 Violent Crime Control and Law Enforcement Act authorizes only certain specific enhancements. Enactment of the 1994 Act does not establish or even necessarily indicate anything about prior law; legislative action may either modify, clarify or merely confirm preexisting law. See *Eisen, Durwood v. Tolkien*, 794 F.Supp. 85 (S.D.N.Y.), *aff'd* 990 F.2d 623 (2d Cir. 1993).

## V

■ Vargas claims that he was disadvantaged due to lack of a Spanish interpreter, but fails to establish either lack of funds to secure one, or inability to request one under the Criminal Justice Act or through other means. There is no indication that Vargas

raised the question with his attorney and that the latter ignored any request on Vargas' part. See *United States v. Mosquera*, 816 F.Supp 168, 174 (E.D.N.Y.1993). Vargas cannot be permitted to sit by without raising the issue or asking his attorney to do so, and then claim that his conviction should be vacated because of a matter which would have been obvious to him and for which a remedy was readily available if requested. If such a strategy were to be permitted to succeed, there would be every incentive for one not fluent in English to avoid mention of the language barrier until conviction, and then to raise it for the first time. The Constitution, Criminal Code, Federal Rules of Criminal Procedure and case law all provide important protections for the accused, but the accused must do their part for these protections to function effectively.

SO ORDERED.

---

1. See *United States v. Bryser*, 954 F.2d 79, 89–90 (2d Cir.), *cert. denied* —— U.S. ——, 112 S.Ct. 2939, 119 L.Ed.2d 564 (1992); *United States v. Merritt*, 988 F.2d 1298 (2d Cir.1993); *United States v. Gaind*, 829 F.Supp. 669 (S.D.N.Y.1993); *United States v. Stevenson*, 829 F.Supp. 99 (S.D.N.Y.1993); *United States v. Neiman*, 828 F.Supp. 254 (S.D.N.Y.1993): *United States v. Martin*, 827 F.Supp. 232 (S.D.N.Y.1993); *United States v. Caruso*, 814 F.Supp. 382 (S.D.N.Y. 1993).