**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-4218

BERNARD F. ROBINSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Robert E. Payne, District Judge.
(CR-95-225-A)

Submitted: December 30, 1997

Decided: March 6, 1998

Before ERVIN and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Gerald I. Fisher, FISHER & HANSEN, P.C., Washington, D.C., for
Appellant. Helen F. Fahey, United States Attorney, Lisa E. Perkins,
Special Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bernard F. Robinson was convicted by a jury of distributing more than five grams of crack cocaine (three counts) and possessing more than five grams of crack cocaine with intent to distribute (three counts), in violation of 21 U.S.C.A. § 841 (West 1981 & Supp. 1997). Robinson appeals the 97-month sentence he received. He argues that the district court failed to understand that it had the authority to depart to a sentence of 30 months to make him eligible for the Bureau of Prisons' Shock Incarceration Program, see 18 U.S.C. § 4046 (1994), and to depart because of a combination of factors which did not warrant a departure when considered individually. For the reasons explained below, we vacate the sentence and remand for resentencing.

Robinson sold crack to an undercover police officer in northern Virginia on four occasions. The total amount of crack involved was 58.24 grams and the recommended guideline range was 97-121 months. Each of the counts involved less than fifty grams of crack, however, making the mandatory minimum sentence five to forty years. See 18 U.S.C.A. § 841(b)(1)(A). Robinson did not initially request a departure, but at the first sentencing hearing the district court inquired sua sponte whether Robinson could qualify for a two-level reduction in offense level under U.S. Sentencing Guidelines Manual § 2D1.1(b)(4) (1995). Subsection (b)(4) provides for a two-level reduction if the defendant meets the criteria for a sentence below the mandatory minimum, see USSG § 5C1.2 (the "safety valve" provision), and his offense level is 26 or more. Robinson's offense level was 30. The court continued the sentencing to allow Robinson an opportunity to comply with the fifth requirement: that the defendant provide complete and truthful information to the government about the offense by the time of sentencing. See USSG § 5C1.2(5).

At the second sentencing hearing, the government agreed that Robinson should receive the reduction under USSG § 2D1.1(b)(4). The

2

court decided that Robinson did not qualify for an acceptance of responsibility adjustment, and that he had not obstructed justice. Robinson's guideline range thus remained at 97-121 months. Robinson then asked for a downward departure to a sentence of 30 months so that he could qualify for shock incarceration. As grounds for the departure, he argued that his conduct had been an aberration and that his mother (with whom he lived) suffered from rheumatoid arthritis and needed his help with daily tasks. After hearing Robinson's mother testify that she was still able to work despite her painful condition, the district court determined that Robinson's family circumstances were not sufficiently extraordinary to justify a departure on that basis.

The court then seriously considered a departure below the five-year mandatory minimum to permit Robinson to qualify for shock incarceration,[1] but decided against a departure, finding that Robinson's crack sales were not aberrational conduct. The court noted that in his dealings with the undercover officer Robinson was "reasonably savvy," and "indicated that he had cocaine available in substantial quantities on a regular basis."

On appeal, Robinson argues that the district court did not understand its authority to depart either solely to make shock incarceration available to him or on that ground combined with another factor, i.e., his mother's need for his assistance at home because of her ill health. When the district court exercises its discretion by refusing to depart, its decision is not reviewable on appeal. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990). However, when the district court bases its decision not to depart on a perceived lack of legal authority to do so, the issue on appeal is a legal one which is reviewed de novo. See id.; United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992). In this case, our examination of the district court's remarks at sentencing discloses that the court was proceeding on the assumption that it had the authority to depart on either of the grounds urged by Robinson,

_____

[1] Robinson relied on United States v. Williams, 65 F.3d 301, 306-07 (2d Cir. 1995) (departure to facilitate defendant's admission to drug treatment program), and United States v. Martin, 827 F. Supp. 232 (S.D.N.Y. 1993) (departure from 48 to 30 months to permit defendant to qualify for shock incarceration).

3

if a departure was warranted.**2** Therefore, we will not review the court's decision not to depart on those grounds considered individually.

In an extraordinary case, a combination of factors which are "not ordinarily relevant" to a departure decision may cause the case to "differ significantly from the `heartland' of cases in a way that is important to the statutory purposes of sentencing, even though none of the characteristics or circumstances individually distinguishes the case," and, therefore, a departure may be justified. USSG§ 5K2.0, comment. Amendment 508, effective on November 1, 1994, made a departure permissible in an unusual case for a combination of factors not ordinarily relevant to departure decision, thus superseding United States v. Goff, 907 F.2d 1441, 1447 (4th Cir. 1990) (holding that combination of factors which do not independently warrant departure may never be basis for departure).

Although Robinson did not specifically argue that his desire to participate in a shock incarceration program and his mother's condition, in combination, could be a separate basis for departure, he linked the two factors in his departure request. In response, the government argued, incorrectly, that each factor could only be considered independently. The district court did not discuss the possibility of a departure based on a combination of the two factors. Because it appears that the district court did not understand its authority to consider the interplay of the two factors when deciding whether to depart downward, we vacate the sentence and remand for resentencing. On remand, the district court should consider the commentary in USSG § 5K2.0 before determining whether a departure is warranted.

We dispense with oral argument because the facts and legal conten-

_____

**2** Family ties and responsibilities are "not ordinarily relevant," see USSG § 5H1.6, p.s. The potential for rehabilitation in a shock incarceration program is an unmentioned factor. See Koon v. United States, ___ U.S. ___, 64 U.S.L.W. 4512 (U.S. June 13, 1996) (Nos. 94-1664/8842) (all but forbidden factors are potential bases for departure); see also United States v. Brock, 108 F.3d 31, 34-35 (4th Cir. 1997) (applying Koon where departure sought on basis of unmentioned factor).

tions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

5