■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE PHILLIPS, Appellant. [697 NYS2d 13] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered April 5, 1996, convicting defendant, after a jury trial, of rape in the first degree (three counts), sodomy in the first degree (five counts), robbery in the first degree and sexual abuse in the first degree, and sentencing him to nine consecutive terms of $8\frac{1}{3}$ to 25 years to run concurrently with a term of $2\frac{1}{3}$ to 7 years, unanimously affirmed.

Defendant did not indicate to the trial court that he was so hearing impaired as to require interpretive assistance, as he now claims, and the record indicates that he responded cogently to the court's inquiries on all matters. Although defense counsel mentioned that his client was deaf in one ear, the court resolved the matter to defendant's satisfaction by adjusting the courtroom seating arrangements. Thus, there was no obvious impairment necessitating the provision by the court, *sua sponte*, of any type of assistance (*see, People v Robles*, 86 NY2d 763, 764; *People v Ramos*, 26 NY2d 272, 274). Nothing in the record suggests that defendant was unable to hear portions of the proceedings.

The trial court properly removed defendant from the courtroom when his behavior became disruptive, and thereafter he knowingly and intelligently waived his right to be present, since the court repeatedly invited him back, but warned that if he did not return, the trial would continue without him (*see*, CPL 260.20; *People v Parker*, 57 NY2d 136, 141). The record fails to support defendant's claim that his actions were the product of his purported inability to hear.

We perceive no abuse of sentencing discretion. The "deeming" provisions of Penal Law § 70.30 (1) (e) require action by the Department of Correctional Services, not by this Court (*People v Scarola*, 186 AD2d 78). Concur—Sullivan, J. P., Nardelli, Tom, Mazzarelli and Friedman, JJ.