**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CARL THOMAS CHAPMAN,

      Petitioner-Appellant,

v.

SCOTT ABBOTT, Warden;
ATTORNEY GENERAL OF THE
STATE OF WYOMING,

      Respondents-Appellees.

No. 04-8020
(D.C. No. 02-CV-56-D)
(D. Wyo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Carl Thomas Chapman appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253, and we affirm.

I

The facts underlying this action are set forth in the Wyoming Supreme Court's decision on Mr. Chapman's direct appeal. *Chapman v. State*, 18 P.3d 1164, 1167-68 (Wyo. 2001). They need not be repeated here, except to note that Mr. Chapman suffers from an eighty percent hearing loss. He argues that, because he was not able to hear his trial, he was deprived of his constitutional rights to confront witnesses, to the assistance of counsel, and to due process, and that his counsel was ineffective for not ensuring that his hearing problems were accommodated at trial. He further contends that the federal district court erred in not providing him an evidentiary hearing on his habeas petition. Mr. Chapman's petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), and thus it is governed by AEDPA. *See Williams v. Taylor*, 529 U.S. 420, 429 (2000). This court granted a certificate of appealability on all issues raised by Mr. Chapman and briefing has been received from the respondents/appellees.

A

AEDPA restricts the circumstances under which federal courts may provide evidentiary hearings "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2). "Under the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams*, 529 U.S. at 432; *see also id.* at 437. "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court *in the manner prescribed by state law*." *Id.* at 437 (emphasis added).

In the state court system, Mr. Chapman raised his claims on direct appeal to the Wyoming Supreme Court. During that proceeding, he requested an evidentiary hearing. The Wyoming Supreme Court denied the request because Mr. Chapman did not present adequate factual support (specifically, an affidavit) for his request as required by its precedent. Thus, the record indicates that Mr. Chapman did not seek an evidentiary hearing "in the manner prescribed by state law." Mr. Chapman argues that the court erred in holding that Wyoming law required him to present an affidavit in connection with his request for a hearing, but this court defers to state courts on the interpretation of state law. *See Burleson v. Saffle*, 278 F.3d 1136, 1144 (10th Cir. 2002).

-3-

Further, in *Cannon v. Mullin*, 383 F.3d 1152, 1176-77 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 1664 (2005), this court held that diligence may require a petitioner to present affidavits to support his state-court request for an evidentiary hearing. "The federal district court should not be required to conduct an evidentiary hearing on a claim when the applicant for relief has not presented evidence that would be readily available if the claim were true." *Id.* at 1177; *see also United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 1592 (2005) ("District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim."). Mr. Chapman has never presented an affidavit to the Wyoming courts or the federal district court, and he has not averred that somehow he was prevented from doing so. Because Mr. Chapman is the only person who knows how much he heard of his trial, and yet he has not presented an affidavit providing this information, we must conclude that he has not been diligent in seeking an evidentiary hearing. *See Cannon*, 383 F.3d at 1177 (holding that, where petitioner's friends and family allegedly would testify in support of his claims, his failure to include their affidavits tends to indicate lack of diligence, absent an impediment to presenting them); *id.* (when petitioner and his counsel were the only two people who knew the facts, and petitioner submitted his own affidavit, petitioner had been diligent because there

was nothing more he could do to develop the record).  There is no contention that Mr. Chapman otherwise meets the requirements of § 2254(e)(2), and therefore the district court did not err in denying Mr. Chapman an evidentiary hearing.

B

Mr. Chapman argues that because he could not hear his trial, he was denied his constitutional rights to confront witnesses, to the assistance of counsel, and to due process.  Our review of the Wyoming Supreme Court's decision is under AEDPA's deferential standards because the state court's decision was based on substantive considerations.  *See Le v. Mullin*, 311 F.3d 1002, 1010, 1011 n.2 (10th Cir. 2002) (per curiam); *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999); *see also Chapman*, 18 P.3d at 1176.  Under AEDPA, we may only grant relief if the Wyoming Supreme Court's ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §§ 2254(d)(1), (2).   The Wyoming Supreme Court's factual findings are presumed to be correct unless Mr. Chapman rebuts them with clear and convincing evidence.  *Id.* § 2254(e)(1).

Mr. Chapman argues that it was unreasonable in light of the record for the Wyoming Supreme Court to determine that he had failed to show that he could not

-5-

hear his trial. Our review of the appellate record, however, indicates that the conclusion was not unreasonable. No evidence in the record unequivocally establishes that Mr. Chapman did not hear his trial. While the record does support the existence of a hearing problem, it also tends to show that, despite this acknowledged hearing problem, Mr. Chapman heard and understood the proceedings against him. For example, the record contains a transcript of an in-chambers conference in which Mr. Chapman made remarks indicating that, while in the courtroom, he had heard the prosecutor's questions and his wife's responses during her examination.

Further, Mr. Chapman never informed the court during the trial that he could not understand the proceedings due to his hearing problem. *Cf. Valladares v. United States*, 871 F.2d 1564, 1566 (11th Cir. 1989) ("To allow a defendant to remain silent throughout the trial and then, upon being found guilty, to assert a claim of inadequate translation would be an open invitation to abuse."); *United States v. Vargas*, 871 F. Supp. 623, 625 (S.D.N.Y. 1994) (holding that a defendant complaining about the lack of an interpreter "cannot be permitted to sit by without raising the issue or asking his attorney to do so, and then claim that his conviction should be vacated because of a matter which would have been obvious to him and for which a remedy was readily available if requested"). Mr. Chapman argues that once the court was made aware of his pronounced hearing loss, it had

a duty sua sponte to explore his hearing capabilities and potential accommodations. In contrast to a profoundly deaf person, however, Mr. Chapman had some hearing ability. The record shows that the trial judge was aware that Mr. Chapman had the ability to hear if the conversation were sufficiently loud. It also shows that there was an amplification system in use in the courtroom. Even assuming the truth of Mr. Chapman's contentions on appeal that he actually could not hear the proceedings, there is nothing to indicate that the judge *was* or *should have been* aware that Mr. Chapman's hearing problems left him unable to comprehend the proceedings. Under these circumstances, we do not believe that the trial court had an obligation to act sua sponte. *See Salazar v. State*, 93 S.W.3d 339, 341 (Tex. Ct. App. 2002); *People v. Phillips*, 697 N.Y.S.2d 13, 14 (N.Y. App. Div. 1999); *Commonwealth v. Wallace*, 641 A.2d 321, 327 (Penn. Super. Ct. 1994); *see also Guillory v. Wilson*, 402 F.2d 34, 35 (9th Cir. 1968).

In sum, we do not find that the Wyoming Supreme Court's decision was contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts. Consequently, we affirm the district court's decision regarding these claims.

C

Finally, Mr. Chapman argues that his trial counsel was ineffective for not ensuring that he could hear the proceedings. He suggests that our review of this

-7-

issue should be de novo, because neither the district court nor the Wyoming Supreme Court addressed this aspect of his ineffective assistance claim. The Wyoming Supreme Court, however, did address and reject this claim. *Chapman*, 18 P.3d at 1176. Thus, as stated above, our review is limited to determining whether the state court's decision was (1) contrary to or an unreasonable application of clearly established federal law, or (2) an unreasonable determination of the facts in light of the evidence before it. 28 U.S.C. §§ 2254(d)(1), (2).

To succeed with a claim of ineffective assistance of counsel, Mr. Chapman must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

Mr. Chapman contends that counsel should have requested accommodations for Mr. Chapman's hearing problems and that he was prejudiced by counsel's conduct because, had he been able to hear the proceedings, he would have taken the stand in his own defense. The record, however, does not support Mr. Chapman's arguments. Nothing in the record indicates that trial counsel

ignored a request by Mr. Chapman to explore potential accommodations, or that the circumstances were such that trial counsel had a duty to seek accommodations sua sponte. Further, the purpose of the in-chambers conference was to ensure Mr. Chapman understood that it was his right to testify on his own behalf. The transcript of the conference reveals that Mr. Chapman's counsel and Mr. Chapman's wife both believed that he should not testify. The participants in the conference discussed reasons supporting this view, and those reasons were largely unrelated to Mr. Chapman's hearing problems. For example, Mr. Chapman himself expressed concerns that he would not appear to his best advantage while testifying because he would be impatient with the prosecutor's redundant questioning. While Mr. Chapman said once that it might be difficult for him to be on the stand because of his hearing, the transcript of the entire discussion indicates that the concerns about Mr. Chapman's testifying were clearly focused elsewhere. Examining the result of the state court's decision, we cannot find that it was contrary to or an unreasonable application of *Strickland* or an unreasonable determination of the facts.

II

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge