J-S49024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE COLON | |
| Appellant | No. 3081 EDA 2013 |

Appeal from the PCRA Order September 16, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003033-2007

BEFORE: OLSON, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                          **FILED JANUARY 22, 2015**

Jose Colon appeals from the order entered on September 16, 2013, in the Court of Common Pleas of Philadelphia County denying him relief, without a hearing, on his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.[1]  In this timely appeal, Colon argues the PCRA court erred in failing to find trial counsel had been ineffective and in denying him an evidentiary hearing on the merits of his claims.  After a thorough review of the submissions by the parties, the certified record, and relevant law, we affirm.

Initially, we note:

---

[1] We address this matter from remand.  Another panel of our Court remanded this case for clarification regarding the status of PCRA counsel. ***See Commonwealth v. Colon***, 82 A.3d 1066 (Pa. Super. 2013) (unpublished memorandum).

Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Heredia*, 97 A.3d 392, 394 (Pa. Super. 2014) (citation

omitted).

Further,

Our standard of review when faced with a claim of ineffective assistance of counsel is well settled. First, we note that counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant.

\* \* \*

A petitioner must show (1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The failure to prove any one of the three prongs results in the failure of petitioner's claim.

*Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa. Super. 2011) (citation

omitted).

Finally, regarding a petitioner's entitlement to a hearing:

a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that a petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citation

omitted).

Before we address the merits of his appeal, we will review the factual and procedural history of this matter. We quote the factual history as related in the prior memorandum decision.

> [T.H., ("Victim")] was born on August 12, 1994. On August 28, 2006, when Victim was twelve (12) years old, she agreed to meet with [Appellant], whom she had met on a telephone party line several months before and whom she had spoken with on several occasions. [Appellant] met [Victim] at a public transportation stop and took her to his residence [on] Salem Street, Philadelphia. Once inside, [Appellant] undressed [Victim] and himself, took a condom from a box that hung on a wall, put it on and attempted to have vaginal intercourse with [Victim]. [Victim] complained of pain and told [Appellant] to stop. [Appellant] removed the condom, placed his penis in [Victim's] mouth, masturbated and had [Victim] masturbate his exposed penis. [Appellant] ejaculated on [Victim's] stomach, wiped her stomach with a tissue, and placed the tissue in a bag that hung from the doorknob.
>
> A search of [Appellant's] residence led to the discovery of a box of condoms hanging on the wall, as well as a bag hanging from the doorknob. A tissue recovered from the bag contained sperm cell DNA, the analysis of which showed a frequency combination with [Appellant's] DNA that would randomly occur only once per random population of two hundred ninety-eight quintillion ($298 \times 10^{18}$) Hispanic persons.

***Commonwealth v. Colon***, 82 A.3d 1066, at 1-2 (quoting trial court opinion).

On November 6, 2007, Colon proceeded to a non-jury trial before the Honorable Leon J. Tucker, who found Colon guilty of unlawful contact with a minor, sexual assault, corruption of a minor, indecent exposure, and

indecent assault of a person under 13 years of age.[2] Colon received an aggregate sentence of 11-22 years' incarceration, followed by 5 years of probation.[3] He filed a timely direct appeal that afforded him no relief. **See Commonwealth v. Colon**, 981 A.2d 914 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 12 A.3d 369 (Pa. 2009) (table).

Colon filed a timely *pro se* PCRA petition on January 29, 2010, and the PCRA court received appointed counsel, who entered his appearance on February 14, 2011. Counsel filed an amended petition, raising the issues mentioned above. The Commonwealth filed a motion to dismiss the amended petition on October 28, 2011.

Due to human error, the amended petition was docketed instead as a **Turner/Finley**[4] no-merit letter. The resulting confusion led to the prior remand from our Court to clarify the status of the appeal, including whether Colon was still represented by counsel. A hearing was held on the matter at

---

[2] 18 Pa.C.S. §§ 6318(a)(1) (first-degree felony), 3124.1 (second-degree felony), 6301(a)(1) (first-degree misdemeanor), 3127 (first-degree misdemeanor), and 3126(a)(7) (third-degree felony), respectively.

[3] Specifically, 6-12 years' incarceration for unlawful contact with a minor, 5-10 years' incarceration for sexual assault, and 5 years' probation for corruption of a minor; all sentences consecutive. Colon received no further punishment for indecent exposure and indecent assault of a person under 13.

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

which time the mistake in docketing was confirmed and it was determined that Colon was still being represented by appointed counsel. We now turn our attention to the issues originally raised on appeal.

First, Colon argues counsel was ineffective for failing to challenge the weight of the evidence against him. Colon claims the Commonwealth's case against him was rife with contradiction, including several instances of T.H. lying. Because the evidence was not worthy of belief, Colon argues his conviction must be vacated.

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. **Commonwealth v. Widmer**, 560 Pa. 308, 319, 744 A.2d 745, 751-52 (2000); **Commonwealth v. Brown**, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. **Widmer**, 560 Pa. at 319-20, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.' " **Id**. at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." **Brown**, 538 Pa. at 435, 648 A.2d at 1189.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:
>
> > Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* **Brown**, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented,

an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. **Commonwealth v. Farquharson**, 467 Pa. 50, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

**Widmer**, 560 Pa. at 321-22, 744 A.2d at 753 (emphasis added).

**Commonwealth v. Clay**, 64 A.3d 1049, 1054-55 (Pa. 2013).

Additionally,

we keep in mind that the initial determination regarding the weight of the evidence was for the factfinder. The factfinder was free to believe all, some or none of the evidence. Additionally, a court must not reverse a verdict based on a weight claim unless that verdict was so contrary to the evidence as to shock one's sense of justice.

**Commonwealth v. Kane**, 10 A.3d 327, 332-33 (Pa. Super. 2010) (citation omitted).

In this instance the factfinder was the trial judge, who was also the PCRA judge who determined there was no underlying merit to the weight of the evidence claim. The trial court heard all of the evidence, including the contradictions cited by Colon. Nevertheless, the trial court found T.H. to be credible when she testified to Colon's actions on the afternoon in question. Our review of the record leads us to conclude the PCRA judge did not err in

determining his initial verdict did not shock one's sense of justice.[5]
Accordingly, Colon is not entitled to relief on this issue.

Next, Colon argues trial counsel was ineffective for failing to have an
official Spanish/English interpreter present for trial. Colon notes that an
official translator was present in court on November 5, 2007, for the jury
waiver colloquy and hearing on a motion to suppress evidence. However,
when the trial began on November 6, 2007, no translator was present.
Colon contends that he cannot read English and does not understand many
words when spoken. The record belies Colon's contention.

We begin our review with the statutory provision regarding translators.
In relevant part, 42 Pa.C.S. § 4412 states:

> **(a) Appointment of certified interpreter.--**Upon request or
> sua sponte, if the presiding judicial officer determines that a
> principal party in interest or witness has a limited ability to
> speak or understand English, then a certified interpreter shall be
> appointed, unless the certified interpreter is unavailable as
> provided in subsection (b).

42 Pa.C.S. § 4412(a). **See also**, **Commonwealth v. Wallace**, 641 A.2d
321, 324 (Pa. Super. 1994) (the determination of whether an interpreter is
warranted in a particular case is within the sound discretion of the [trial]
court).

---

[5] We recognize that we only review the determination of the PCRA court, not
the finder of fact. Because, in this instance, the PCRA court and the finder of
fact are one-in-the-same, we have noted both the original decision and the
PCRA court decision.

Here, counsel did not request the appointment of a translator and, importantly, the trial court did not, *sua sponte*, perceive the need for the appointment of a translator. Our review of the certified record confirms the trial court's determination that Colon did not need the assistance of a translator. The evidence presented at trial demonstrated that Colon conversed on the phone with T.H. multiple times before meeting her. There is no suggestion in the record that T.H. is conversant in Spanish, and the two communicated well enough for Colon to convince the twelve-year-old girl to meet him. When confronted by T.H.'s Mother on the night of the crime, Colon told T.H.'s Mother that he believed T.H. was 18 and that nothing had happened. There is no suggestion in the record that T.H.'s Mother is conversant in Spanish or had any difficulty speaking with Colon. There is no indication anywhere in the certified record that the police had any difficulties in conversing with Colon or that a translator was ever needed. Additionally, the PCRA court noted that Colon responded in English to the court's direct questioning of him both regarding his understanding of the suppression motion and regarding the jury trial waiver colloquy. Further, Colon, without the aid of a translator, participated in sentencing and answered questions put to him regarding the status of his trial counsel. The PCRA court notes that at no time during any of the interactions with the court did he demonstrate a lack of understanding nor did he ever request a translator.

Based upon the foregoing, we find the PCRA court properly denied Colon relief on this issue.

In his final claim of ineffective assistance of counsel, Colon argues counsel improperly failed to challenge the discretionary aspects of his sentence. Specifically, he argues his sentence was harsh, unreasonable, and was punishment for going to trial.

Here, the PCRA court found that Colon had simply raised bald allegations without any further attempt to develop his argument. We agree and therefore find this argument waived.

Moreover, the Commonwealth appoints out that Colon had a prior record score of 5 and the offense gravity scores for unlawful contact with a minor and sexual assault were both 11. The minimum standard range sentence for each crime was between 72 and 90 months. Colon received a 72-month minimum sentence for unlawful contact with a minor and a 60-month minimum sentence for sexual assault.[6] The Commonwealth further asserts that the bald allegations raised by Colon do not explain how sentences at the bottom of the standard range equate to unreasonably harsh punishment. We agree and note this also belies Colon's argument that he was sentenced in retribution for going to trial.

---

[6] Although the minimum sentence is below the standard range, the 60 to 120 month sentence imposed represents the statutory maximum.

Because Colon has not demonstrated the trial court abused its discretion in sentencing him, counsel cannot be ineffective for failing to challenge the discretionary aspects of his sentence.

Having demonstrated that Colon's ineffective assistance of counsel claims are without a trace of support in the certified record or from any other source, the PCRA court did not err in denying Colon relief without a hearing. ***See Commonwealth v. Carter***, ***supra***.

Order affirmed.

Judge Stabile joins this memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2015