J-S32009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUAN PONCE MORALES | : | |
| | : | |
| Appellant | : | No. 1914 MDA 2017 |

Appeal from the PCRA Order November 20, 2017
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0000004-2016

BEFORE:   PANELLA, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 09, 2018**

Juan Ponce Morales appeals from the order entered in the Lebanon County Court of Common Pleas, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. Appellant and his girlfriend entered a Boscov's department store, surreptitiously placed three leather coats inside a duffel bag, and walked out of the store. Once the couple exited, Nathan Roman approached them in the parking lot. He identified himself as a Boscov's loss prevention officer, showed them his employment badge, and told Appellant and his girlfriend that they would need to come back inside the store. Appellant angrily refused and punched Roman in the face, knocking his glasses off. Roman put Appellant in a headlock, at which time Appellant's girlfriend grabbed Roman by the neck of his sweatshirt until he released Appellant. Appellant began shouting at

_____
* Retired Senior Judge assigned to the Superior Court.

Roman in Spanish and English, threatening to kill him. Roman grabbed Appellant's girlfriend to prevent her from leaving, and Appellant vowed to "take [his] knife out and [] kill him." N.T. Trial, 5/5/16, at 23. Police arrived shortly thereafter, and took Appellant and his girlfriend into custody.

Appellant was charged with robbery, retail theft, criminal conspiracy, simple assault, and harassment. Appellant's attorney devised a trial strategy where Appellant admitted to the retail theft, but attempted to negate the force element of robbery and the simple assault by convincing the jury that Appellant did not know Roman was a security guard. Appellant testified he believed Roman was a random passerby who was assaulting Appellant's girlfriend, and that the punch was therefore justified. This was not a winning strategy. Appellant was convicted on all counts, and the court sentenced him to an aggregate 3-12 years' incarceration.

Appellant filed a timely notice of appeal. Appellate counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). This Court affirmed Appellant's judgment of sentence, and granted counsel's application to withdraw. **See Commonwealth v. Morales**, No. 1097 MDA 2016 (Pa. Super., filed April 13, 2017) (unpublished memorandum). Appellant subsequently filed a timely PCRA petition. The PCRA court held a hearing on the petition, and denied relief. This appeal is now properly before us.

Appellant raises four challenges to trial counsel's stewardship. We address each under the following standard of review.

- 2 -

"[O]ur standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (brackets added; citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015) (citation omitted).

We presume counsel's effectiveness, and an appellant bears the burden of proving otherwise. **See Commonwealth v. Brown**, 161 A.3d 960, 965 (Pa. Super. 2017). To establish ineffectiveness of counsel, a PCRA petitioner must plead and prove: his underlying legal claim has arguable merit; counsel's actions lacked any reasonable basis; and counsel's actions prejudiced the petitioner. **See Commonwealth v. Spotz**, 18 A.3d 244, 260 (Pa. 2011). Failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. **See Commonwealth v. O'Bidos**, 849 A.2d 243, 249 (Pa. Super. 2004).

"Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." **Commonwealth v. Barnett**, 121 A.3d 534, 540 (Pa. Super. 2015) (citations and internal quotation marks omitted). "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in

- 3 -

the outcome." **Commonwealth v. Stewart**, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*) (citations and internal quotation marks omitted).

Appellant first challenges the Commonwealth's introduction of video evidence at trial. The Commonwealth presented security camera footage from inside the Boscov's store, showing Appellant and his girlfriend putting leather jackets into a duffel bag and exiting the store. Appellant argues trial counsel was ineffective for failing to object or file a motion to suppress the video.

"[W]here a defendant alleges that counsel ineffectively failed to pursue a suppression motion, the inquiry is whether the failure to file the motion is itself objectively unreasonable, which requires a showing that the motion would be meritorious." **Commonwealth v. Johnson**, 179 A.3d 1153, 1160 (Pa. Super. 2018) (brackets added; citation omitted). "[T]he defendant must establish that there was no reasonable basis for not pursuing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability the verdict would have been more favorable." **Commonwealth v. Watley**, 153 A.3d 1034, 1044 (Pa. Super. 2016) (brackets in original; citation omitted).

In his PCRA petition, Appellant claims counsel could have lodged a meritorious challenge to the authenticity of this video, as he avers it shows him inside of the store wearing a gray sweater, and outside of the store wearing a blue shirt. Appellant also states that the Commonwealth improperly withheld this video until trial began. However, Appellant fails to demonstrate how suppression of the video evidence would have assisted in his case. In

fact, Appellant's own testimony at the PCRA hearing demonstrates how utterly inconsequential suppression would be. By his own admission, the video showed Appellant and his girlfriend putting leather jackets into a duffel bag. He does not allege the video showed the confrontation with Mr. Roman outside of Boscov's. And Appellant readily admitted that he pled guilty to retail theft. Even if the video had been suppressed, Appellant's own theory of the case includes his testimony that he committed retail theft. Appellant has wholly failed to prove any reasonable basis for counsel to file such a motion, nor any prejudice which resulted from counsel's decision.

In his second issue, Appellant claims trial counsel failed to request a hearing aid or an interpreter. Appellant avers he had difficulty hearing statements and questions throughout trial, counsel was aware of this difficulty, and counsel nevertheless failed to request a hearing aid or an interpreter for Appellant.

"As a general rule, the determination of whether an interpreter is warranted in a particular case is within the sound discretion of the trial court." ***Commonwealth v. Wallace***, 641 A.2d 321, 324 (Pa. Super. 1994) (internal quotations and citation omitted).

> [W]here the court is put on notice that a defendant has difficulty understanding or speaking the English language, it must make unmistakably clear to him that he has a right to have a competent translator assist him, at state expense if need be. Where, on the other hand, no request for an interpreter has been made and the defendant appears to comprehend the nature of the proceedings and the charges against him, the trial court does not abuse its discretion by proceeding without appointing an interpreter.

*Id*. (brackets added; internal quotations and citation omitted). The burden rests on the appellant to demonstrate that the absence of an interpreter denied him the right to a fair trial. *See id*., at 329.

At the PCRA hearing, Appellant testified that he could not hear most of what occurred at trial. Appellant conceded he did ask for some questions at trial to be repeated, but did not request an interpreter from the court. Appellant stated he now wears a hearing aid. Trial counsel also testified. He indicated he was aware Appellant had some hearing issues at the time of trial. However, he specifically noted that Appellant always asked him to repeat any questions he could not hear, and that Appellant only ever asked him to repeat a few questions. Counsel averred Appellant never requested that he procure a hearing aid or an interpreter, and that counsel did not deem it necessary. The PCRA court found trial counsel's testimony credible, and deemed this issue meritless based on Appellant's failure to inform counsel or the court of his alleged need for a hearing aid or interpreter.

To support his claim, Appellant relies on bald assertions that his hearing was impaired at the time of trial, without providing any medical documentation or other supporting evidence. The trial transcripts indicate Appellant called for questions to be repeated a few times, but never asserted that he was unable to follow the proceedings. Indeed, Appellant testified in his own defense, and was appropriately responsive to the questions asked. Further, trial counsel's testimony at the PCRA hearing demonstrated that while Appellant had asked for a few questions to be repeated, Appellant failed to inform him of any

serious hearing deficiency that prevented him from understanding during trial. And the PCRA court credited counsel's testimony. Thus, we find this issue is also without merit.

Turning to Appellant's third issue, he argues, "Trial Counsel was ineffective when he was not adequately prepared for [Appellant's] trial." Appellant's Amended PCRA Petition, filed 9/13/17, at 2. While his appellate brief fleetingly explains that the source of counsel's unpreparedness was his failure to locate case law to support a jury instruction, Appellant's amended PCRA petition in no way describes how counsel was inadequately prepared. As the PCRA court observes in its opinion, Appellant's petition "literally states 'defense counsel was ineffective for being ineffective.'" PCRA Court Opinion, filed 2/8/18, at 16. In the absence of any specificity whatsoever in his petition, we are constrained to find Appellant's issue is due no relief.

Finally, Appellant challenges trial counsel's failure to move for a mistrial, after Appellant alleged two jurors had seen him in handcuffs. Appellant alleges he informed counsel that after the jury began deliberating, two jurors saw Appellant wearing handcuffs. At the PCRA hearing, the PCRA court determined the incident could not have occurred in the manner Appellant claimed, because the jury was sequestered during deliberations. The court conceded that two alternate jurors may have been in the hall at the time Appellant indicated he was seen in handcuffs, but those alternate jurors were not part of the deliberations, and could not have prejudiced Appellant's case. On review,

Appellant nevertheless seeks a determination that counsel was ineffective for failing to request a mistrial.

Our Supreme Court has found that "a brief viewing of the defendant in handcuffs is not so inherently prejudicial as to strip the defendant of the presumption of innocence." ***Commonwealth v. Carson***, 913 A.2d 220, 257 (Pa. 2006) (internal quotations and citation omitted). That Court also found that a defendant, at most, could request a cautionary instruction and a mistrial would be an unwarranted remedy. ***See id***.

The PCRA court made a factual finding that no member of the jury saw Appellant in handcuffs during deliberations, as the jury was sequestered until it reached a verdict. And, even if a juror had seen Appellant in handcuffs, this momentary encounter would not constitute grounds for a mistrial. ***See id***. Consequently, Appellant's trial counsel cannot be ineffective for declining to request one. Appellant's final issue is meritless. Accordingly, we affirm the PCRA court's order denying Appellant's petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/09/2018

- 8 -